IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOM WEST, on behalf of himself
and all others similarly situated                                                              PLAINTIFF

v.                                         Civil No. 4:13-cv-4070

NISSAN NORTH AMERICA, INC.                                                         DEFENDANT

## ORDER

Before the Court is a Motion to Remand (ECF No. 16) filed on behalf of Plaintiff Tom West ("West"). Defendant Nissan North America, Inc. ("Nissan") has responded. (ECF Nos. 22 & 27). Plaintiff has replied. (ECF No. 23). The Court finds the matter ripe for consideration.

## BACKGROUND

On November 1, 2011, West filed this class action against Nissan in the Circuit Court of Miller County, Arkansas. West then filed a First Amended Complaint on November 23, 2011, and a Second Amended Complaint on June 14, 2012.

In West's Second Amended Complaint, he alleges that the 2004-2006 models of the Nissan Titan, Nissan Armada, and Infiniti QX56 possess faulty braking systems and that Nissan concealed this defect from customers. West seeks compensatory damages of $1,000 to repair the defect in each vehicle, attorneys' fees, pre- and post-judgment interest, and any other relief the Court deems appropriate. The Second Amended Complaint contains a stipulation that damages would not be accepted if they caused the amount in controversy to exceed $5,000,000.

The Second Amended Complaint pre-dated the United States Supreme Court's March 19, 2013 opinion in *Standard Fire Ins. Co. v Knowles*, __ U.S. __, 133 S.Ct. 1345, 185 L.Ed.2d 439

1

(2013). In *Knowles*, the Supreme Court held that stipulations, like the one in West's Complaint, do not prevent removal under Class Action Fairness Act ("CAFA"). *Id.* Without the benefit of the *Knowles* decision, Nissan assumed the stipulation was effective and chose not to remove the case under CAFA at that time.

Following the *Knowles* decision, on June 28, 2013, West filed a Motion for Class Certification. The motion sought to certify a class of 2004-2008 vehicles. As stated previously, West's Second Amended Complaint proposed a class of 2004-2006 vehicles. Thus, the Motion for Class Certification seemingly expanded the class. Nissan assumed the additional 2007 and 2008 models established an amount in controversy over $5,000,000 and sought to remove the action to federal court on that ground. Prior to removing the action, Nissan informed West of its intent to remove.

In response, on July 24, 2013, at approximately 3:35 p.m., West's counsel verbally informed Nissan that the class expansion in the Motion for Class Certification was an administrative error. At 4:48 p.m., West's counsel served Nissan with a written stipulation stating: "The case is limited to those owners or subsequent owners of the 2004-2006 models at issue." At 4:58 p.m., West's counsel served Nissan with Responses to Nissan's Request for Admissions. In the Response to Admissions, West admitted that the class he represented did not include owners of 2007 and 2008 model vehicles. At 7:17 p.m., West's counsel served Nissan with an Amended Motion for Class Certification. The amended motion was accompanied by a note stating: "[P]lease find a service of copy of Plaintiff's Amended Motion for Class Certification which we will be filing first thing in the morning and to reflect the accurate years for the class owners as 2004-2006."

On July 25, 2013, at 8:00 a.m., West's counsel filed an Amended Motion for Class Certification, and at 8:27 a.m., Nissan was served with the file-marked cover page. Subsequently, on that same day, Nissan's counsel filed a Notice of Removal. In the Notice of Removal, Nissan asserts that this Court has jurisdiction over the action under CAFA.

## DISCUSSION

"CAFA provides the federal courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000." *Knowles*, 133 S.Ct. at 1348 (quotations omitted). The defendant has the burden of establishing by a preponderance of the evidence that the jurisdictional amount is satisfied. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Under this standard, the defendant need not prove that the damages "*are* greater than the requisite amount," only that a fact-finder "*might* legally conclude that they are." *Id.* (emphasis in original). Once the defendant has met its initial burden, the plaintiff can avoid federal court only by establishing "that it is legally impossible to recover in excess of the jurisdictional minimum." *Id.*

Nissan argues that West's addition of the 2007 and 2008 models in his Motion for Class Certification satisfies CAFA's jurisdictional minimum. West contends that the 2007 and 2008 vehicles should not be considered in the amount in controversy because he amended his Motion for Class Certification and he did not plead those models in his Second Amended Complaint. The Court agrees with West for the following two reasons.

First, West's initial Motion for Class Certification cannot be considered because West amended the motion prior to removal. The court's jurisdiction is measured at the time of removal. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789-90 (8th Cir. 2012). In

this case, before Nissan filed its notice of removal, West had filed an Amended Motion for Class Certification limiting the class to the 2004-2006 models. Therefore, the jurisdictional inquiry is limited to the Amended Motion for Class Certification. Nissan asserts that the Court should not consider the Amended Motion for Class Certification because it was untimely.[1] However, at the time of removal, the amended motion had not been excluded for untimeliness.

Second, even if the Court considers West's first Motion for Class Certification, it does not change the relief West may seek and, thus, has no bearing on the amount in controversy. The Court relies on *Hurst v. Nissan*, 511 Fed. Appx. 584 (8th Cir. 2013). In *Hurst v. Nissan North America*, the Eighth Circuit remanded a class action to Missouri state court because the amount in controversy fell short of the CAFA jurisdictional requirement. *Id.* at 586. The defendant had removed the case upon receiving the plaintiffs' proposed jury instruction on punitive damages. *Id.* at 585. The defendant argued that the punitive damages established the CAFA jurisdictional minimum. *Id.* The Eighth Circuit disagreed. *Id.* at 586. The Eighth Circuit concluded that, despite the instruction, the defendants failed to establish CAFA jurisdiction. *Id.* Missouri law required punitive damages to be specifically pleaded in a complaint, and at the time of removal, the plaintiffs' complaint did not specifically allege punitive damages. *Id.* Thus, the Eighth Circuit reasoned, the class could not legally seek punitive damages. *Id.* The Eighth Circuit noted, however, that if punitive damages should "find their way into the case for consideration by the jury (whether by formal amendment to the pleadings or otherwise), immediate removal would be timely and almost certainly proper." *Id.* at 586-87.

---

[1] The state docket control order required West to file a class certification motion by June 21, 2013. (ECF No. 1-3). West filed his initial Motion for Class Certification on June 28, 2013 and then filed his Amended Motion for Class Certification on July 25, 2013. Thus, if the amended motion should not be considered due to its tardiness, it would follow that the Court should not consider the original motion because West also filed it after the deadline.

Applying *Hurst* to this case, the issue is whether the expanded class definition in the first Motion for Class Certification changes the relief West may seek.  The parties do not cite any Eighth Circuit or Arkansas cases that address this specific issue.  However, "[d]istrict courts typically . . . hold a plaintiff seeking class certification to the definition espoused in the relevant complaint."  *Savanna Grp., Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 66181, at *2 (N.D. Ill. Jan. 4, 2013) (citing *Clarke v. Baptist Mem'l Heatlhcare Corp.*, 264 F.R.D 375, 381 (W.D. Tenn. 2009) ("To accommodate a new proposed class definition, plaintiffs will need to amend the complaint."); *Costelo v. Chertoff*, 258 F.R.D. 600, 604-05 (C.D. Cal. 2009) ("The Court is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it."); *Heastie v. Cmty. Bank of Greater Peoria*, 125 F.R.D. 669, 672 n.10 (N.D. Ill. 1989) ("[T]he class definitions proposed in [plaintiff's] motion for class certification differs from that set forth in her complaint.  The Court has certified the class as originally proposed, but [plaintiff] may file an appropriate motion to amend both her complaint and the class definitions we have set forth here . . . .").

Nissan concedes that courts generally hold plaintiffs to the class defined in their complaint.  However, Nissan argues this Court should include the 2007 and 2008 models because it is not legally impossible for courts to consider a modified class definition on a motion for class certification.  Nissan relies on *Savanna Group., Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 66181, at *2 (N.D. Ill. Jan. 4, 2013) and *Menking ex rel. Menking v. Daines*, 287 F.R.D. 174, 181 (S.D.N.Y. 2012).  In both *Savanna* and *Menking*, the plaintiffs proposed different class definitions on motions for certification than they alleged in their complaints, and the courts considered the modified definitions.  *Savanna*, 2013 WL 66181, at *2-3; *Menking*, 287 F.R.D. at 181.  However, the courts considered the different classes for certification purposes.

*Savanna*, 2013 WL 66181, at *2-3; *Menking*, 287 F.R.D. at 181.  The courts did not treat the motion for certification as de facto amendments to the plaintiffs' complaints.  *Savanna*, 2013 WL 66181, at *2-3; *Menking ex rel. Menking v. Daines*, 287 F.R.D. at 181.  In *Savanna*, the court specifically noted that the plaintiff may amend the class definition in its complaint to correspond to the definition discussed in the certification.  *Savanna*, 2013 WL 66181, at *3.

In this case, the Court concludes that West's Motion for Class Certification did not modify the relief West may seek.  Like the courts noted above, this Court declines to treat West's Motion for Class Certification as an amendment to West's complaint.  The class in the Second Amended Complaint includes the 2004-2006 models.  Accordingly, the Court will only consider the 2004-2006 models to determine the amount in controversy. [2]  However, if the 2007 and 2008 models make their way into the case, whether by formal amendment to the pleadings or otherwise, immediate removal would likely be timely and proper.  *See Hurst*, 511 Fed. Appx. at 586-87.

Nissan argues that even if the class is limited to the 2004-2006 vehicles, the suit is removable because amount in controversy exceeds $5,000,000.  West asserts that Nissan's attempt to remove based on the 2004-2006 class definition is untimely.  In response, Nissan contends that the Amended Motion for Class Certification triggered removal under 28 U.S.C. § 1446(b)(3) because the motion was the first motion filed after the *Knowles* decision.  In other words, Nissan contends the action was not removable by its initial pleadings with the damages stipulation but when West filed the Amended Motion for Class Certification, following the *Knowles* decision invalidating stipulations, the case became removable.

---

[2] West filed a Motion to Supplement the Motion to Remand (ECF No. 35).  West seeks to supplement his Motion to Remand with a brief written by Nissan for a case in the Northern District of California.  In the brief, Nissan argues that it is "improper to seek to amend the class definition through a class certification."  Thus, in the brief, Nissan agrees with West's position in this case.  Nissan has responded (ECF No. 36).  The Court has ruled in West's favor without considering the proposed supplement.  Accordingly, West's Motion to Supplement Motion to Remand (ECF No. 35) is **DENIED**.

Federal law specifies that a defendant seeking removal must file a "notice of removal . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The key is whether the [paper] itself clearly and unequivocally provides the requisite notice of removability." *State Farm Fire and Cas. Co. v. Valspar Corp., Inc.*, 824 F. Supp. 2d 923, 931 (D.S.D. 2010). "A decision in a separate case with different parties" is not an "order or other paper." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007). Federal courts must resolve all doubts about federal jurisdiction in favor of remand and are to strictly construe legislation permitting removal. *Id.*

The Court concludes that West's Amended Motion for Class Certification did not trigger removal under section 1446(b)(3). West's motion itself did not provide any new grounds for removal. The amended motion sought the same relief as the Second Amended Complaint, and Nissan chose not to seek removal on the receipt of that complaint. The only new grounds for removal came from the *Knowles* decision that invalidated the stipulation in West's complaint, and the Eighth Circuit has held that a decision in a separate case with different parties does not trigger removal under section 1446(b)(3). *See Dahl*, 478 F.3d at 969. Because West's Amended Motion for Class Certification does not provide a new ground for removal, the Court concludes that the motion did not trigger removal under section 1446(b)(3). Accordingly, Nissan had no statutory basis to remove the action, and the Court must remand it to state court.[3]

---

[3] Judge Holmes recently came to a similar conclusion in *Roller et. al. v. TV Guide Online Holdings, LLC*, No. 5:13-CV-05214 (W.D. Ark. Jan. 22, 2014). Like Nissan, the defendant in *Roller* assumed a damages stipulation in an

West's Motion for Remand includes a request for costs and attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), in the discretion of the Court, an order remanding a case may require payment of just costs, including attorneys' fees. "Absent unusual circumstances, courts may award attorneys' fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given the unsettled nature of this area of the law, the Court concludes that an award of costs and attorneys' fees under 1447(c) would be inappropriate.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion to Remand (ECF No. 16) should be and hereby is **GRANTED**. The case is remanded to the Circuit Court of Miller County, Arkansas, for further proceedings.

**IT IS SO ORDERED**, this 4th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

amended complaint was effective and chose not remove the case. *Id.* at 4. Subsequently, the state court reinstated the plaintiff's amended complaint. *Id.* at 2. The reinstated complaint sought the same relief as the amended complaint. *Id.* Upon service of the reinstated complaint, the defendant removed the case, arguing that the damages stipulation prohibited earlier removal. *Id.* at 4. Judge Holmes disagreed and remanded the case. *Id.* He stated that the defendant "could have and should have removed [the] case" upon service of the amended complaint because "the law at that time was not so well-settled as to prevent even an attempt at removal." *Id.* at 6. He further noted that the defendant "simply did not want to expand the resources that removal litigation would have required at that point in time, [and n]ow that the work has been done for it, [the defendant] seeks to reap the benefits of someone else's efforts." *Id.*